**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA
Alexandria Division**

| | |
|---|---|
| JOHN S. BENNETT,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | Civil Action No.  1:17-cv-00574-CMH |
| ) | |
| JAMES GARNER,            ) | |
| ) | |
| Defendant.            ) | |
| ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY
QUESTIONS OF STATE LAW TO THE SUPREME COURT OF VIRGINIA**

Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB #71860
HENRY & O'DONNELL, P.C.
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: 703-548-2100
Facsimile: 703-548-2105
kmo@henrylaw.com
jtm@henrylaw.com
Counsel for Plaintiff

1

COMES NOW the Plaintiff John S. Bennett ("Plaintiff"), by counsel, and files this Memorandum in Opposition to the Motion by Defendant James Garner ("Defendant") to Certify Questions of State Law to the Supreme Court of Virginia ("Motion").

I.  INTRODUCTION

Defendant has moved this Court to certify the following questions of Virginia law to the Supreme Court of Virginia:

1. Does Virginia's 2-year "catch-all" statute of limitations provision under Va. Code §8.01-248 apply to a fraudulent transfer action brought under Va. Code §55-80?

and

2. If so, does the "discovery rule" apply to the accrual of the cause of action?

Rule 5:40 of the Rules of the Supreme Court of Virginia permits this Court (in its discretion) to certify questions to the Supreme Court to answer (in its discretion) where "a question of Virginia law is determinative … and it appears there is no controlling precedent on point in the decisions of this Court or the Court of Appeals of Virginia."  Va. Sup. Ct. R. 5:40.

However, there is controlling precedent on point regarding the first question posed by Defendant, certification of the second question is dependent upon certification of the first question, and accordingly no certification is warranted.

II. NO CERTIFICATION IS WARRANTED BECAUSE IT IS WELL-ESTABLISHED IN VIRGINIA THAT NO STATUTE OF LIMITATIONS IS APPLICABLE TO AN ACTION UNDER VA. CODE §55-80

It is true as Defendant states, that Va. Code §55-80 (herein, "Sec. 55-80") does not set a statute of limitations for actions brought under that section." *Defendant Memorandum* at 1.  In fact, the cause of action set forth in Sec. 55-80 has existed in virtually identical form since at least 1849, and it has not had an applicable statute of limitations for at least that long.  *See* Exhibit A (comparing historical statutory language).  Rather, any time limitations on this cause

of action have been governed by the doctrine of laches. This has been well-settled in Virginia law for over 150 years, and there is no reason to believe the Virginia Supreme Court might find Va. Code §8.01-248 (herein, "Sec. 8.01-248") applies to impose a statute of limitations on this cause of action now.

When a party transfers property for no, or less than full, consideration, resulting in inadequate resources to pay his creditors, the Virginia Code differentiates between those transfers which were made with *intent* to defraud creditors – sometimes referred to as "actual fraud" transfers – and those which were not necessarily done with intent to defraud, but nonetheless resulted in depriving the creditor of just payment – sometimes referred to as "constructive fraud" or "voluntary" transfers.[1] Va. Code §8.01-253 specifically imposes a five-year limitations period on "constructive fraud" transfers, but there is no limitations period in the Code relating to causes of action for "actual fraud" transfers under Sec. 55-80. It is Defendant's position that in the absence of a specific limitations period under this statute, the "catch-all" 2-year limitations period set forth in Sec. 8.01-253 should therefore apply, and he has asked for certification of this question to the Virginia Supreme Court. However, such certification is not warranted because clear, unambiguous, and uncontroverted Virginia precedent establishes that there is no limitations period for an "actual fraud" conveyance.

In <u>Flook v. Armentrout's Adm'r</u>, 100 Va. 638, 642 (1902), and <u>Atkinson v. Solenberger</u>, 223 Va. 667 (1922), the Virginia Supreme Court considered whether a plaintiff's action involved

---

[1] Both are statutory causes of action, the former being established in Sec. 55-80, and the latter in Va. Code §55-81 ("Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, … by an insolvent transferor, or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts shall have been contracted at the time it was made ….") The Complaint contains counts for both fraudulent and voluntary transfers.

3

a "constructive fraud" transfer to which the Code's express 5-year statute of limitations applied, or an "actual fraud" transfer for which no express statute of limitations existed. While both cases were brought under the then-applicable 1887 Code of Virginia, the statutes relating to fraudulent conveyance and the "constructive fraud" statute of limitations remain nearly unchanged in today's Code. *See* Exhibit A. In both cases, the Court held that the plaintiff had stated a cause of action for "actual fraud" and that each case – being brought 10 years after the transfer in *Flook* and nine years after the conveyance in *Atkinson* -- was not subject to a statute of limitations and should be permitted to proceed. *See also* Kinney v. Craig, 103 Va. 158, 48 S.E. 864, 867 (1904) (Court permits plaintiff to amend complaint to allege a conveyance constituted actual rather than constructive fraud to avoid statute of limitations, noting that "[a transfer …] of a debtor cannot be avoided by his creditors solely on the ground that it was made without a consideration deemed valuable in law, unless the suit for that purpose be brought within five years after the right to void the same has accrued. … *But this limitation does not apply where a deed is attacked on the ground of actual fraud.*" [emphasis added]); Snoddy v. Haskins, 12 Gratt. 363 (Va. 1855) (suit to avoid an "actual fraud" transfer of a slave not subject to statute of limitations under 1849 Code of Virginia); *Burks Pleading and Practice*, § 233(10), pp. 398-99 (4th ed. 1952) ("The limit for setting aside a voluntary conveyance prescribed by the Virginia ... statute [], has no application to a suit to set aside a conveyance for actual fraud. As to the latter there is no limitation, though the right may be lost by the laches of the creditor").

Moreover, the existence of a "catch-all" provision such as Sec. 8.01-248 is nothing new. Similar catch-all provisions existed when *Flook*, *Atkinson*, and even *Snoddy* were decided. *See* Exhibit A. Notwithstanding the "catch-all," the Supreme Court held in each of those cases that no statute of limitations was applicable to a fraudulent conveyance action involving "actual

fraud." The numerous cases (including those cited by Defendant) in which courts have held that claims under Sec. 55-80 are not subject to a statute of limitations and governed only by the doctrine of laches, are plainly correct and not distinguishable on any relevant grounds.[2] *See* In re Taneja, 453 B.R. 618, 620 (Bankr. E.D. Va. 2011); Flame S.A. v. Indus Carriers, Inc., 24 F. Supp. 3d 493 (E.D. Va. 2014); In re Massey, 225 B.R. 887 (Bankr. E.D. Va. 1998); In re Porter, 37 B.R. 56, 66 (Bankr. E.D. Va. 1984).

Finally, if a cause of action for a conveyance that involved "actual fraud" was governed by Sec. 8.01-248, a 2-year limitations period would apply, while a conveyance which involved merely "constructive fraud" and no bad acts by the defendant, would be subject to a five-year limitations period. That result defies both logic and public policy, and could not have been the intent of the legislature in enacting its most recent iteration of the "catch-all" statute of limitations contained in Sec. 8.01-248.

III. CONCLUSION

For the foregoing reasons, certification of the first question involving the applicability of Sec. 8.01-248 to an action under Sec. 55-80 is not proper. Defendant requests certification of the "discovery rule" question only if the first question is certified. Because that first question is clearly not appropriate for certification, the second question is also not appropriate for certification.

---

[2] Defendant cites *In re* L.A. Clark & Sons, Inc.,59 B.R. 856 (Bankr. D.C. 1986) as a case in which a court (here, the District of Columbia Bankruptcy Court) imposed the "catch-all" statute of limitations provisions of §8.01-248 to an "actual fraud" conveyance action under §55-80. However, the Court did not find that the "catch-all" statute expressly applied to the action (which is the question the Defendant is seeking to certify), but rather found that in that case the "catch-all" statute simply had probative value in setting a reasonable timeframe in which to expect action by the plaintiffs following discovery of the fraud. If the case could be interpreted to conclude that §8.01-248 applies to an action under §55-80, Plaintiff would contend that such a conclusion is incorrect and contrary to binding Virginia precedent.

Plaintiff respectfully requests that Defendant's Motion to Certify Questions of State Law to the Supreme Court of Virginia be denied, and that Plaintiff be granted his attorney's fees and costs in opposing this Motion.

        Respectfully submitted,

        JOHN S. BENNETT

        By Counsel

/s/ Jeffery T. Martin, Jr.
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB #71860
HENRY & O'DONNELL, P.C.
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: 703-548-2100
Facsimile: 703-548-2105
kmo@henrylaw.com
jtm@henrylaw.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 26th day of July, 2017, a true copy of the foregoing pleading was sent by via the Court's ECF system to:

    Daniel Francis Izzo
    Dycio & Biggs PC
    10533 Main Street
    Fairfax, VA 22030

      /s/ Jeffery T. Martin, Jr.
      Kevin M. O'Donnell, VSB #30086
      Jeffery T. Martin, Jr., VSB #71860
      HENRY & O'DONNELL, P.C.
      300 N. Washington Street, Suite 204
      Alexandria, Virginia 22314
      Telephone: 703-548-2100
      Facsimile: 703-548-2105
      kmo@henrylaw.com
      jtm@henrylaw.com
      Counsel for Plaintiff

**EXHIBIT A**

|  | 1849 Code* | 1887 Code** | Present-day Code |
|---|---|---|---|
| Fraudulent conveyance ("actual fraud") | "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal … with intent to delay, hinder or defraud creditors, purchasers or other persons, of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchaser or other persons … be void." [Title 33, Chap.118, § 1] | "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal … with intent to delay, hinder or defraud creditors, purchasers or other persons, of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchaser or other persons … be void." The [Sec. 2458] | "Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal … with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons … be void." [§ 55-80] |
| Statute of limitations relating to constructive fraud transfers | "No gift, conveyance, assignment, transfer or charge, which is not on consideration deemed valuable at law, shall be avoided, either in whole or in part, for that cause only, unless within five years after it is made suit be brought for that purpose …" [Title 45, Chap. 149, §13] | "No gift, conveyance, assignment, transfer, or charge, which is not on consideration deemed valuable in law, shall be avoided, either in whole or in part, for that cause only, unless within five years after the right to avoid the same has accrued, suit be brought for that purpose …" [Sec. 2929] | "No gift, conveyance, assignment, transfer, or charge, which is not on consideration deemed valuable in law … shall be avoided in whole or in part for that cause only, unless within five years from its recordation, and if not so recorded within five years from the time the same was or should have been discovered, suit be brought for that purpose." [§ 8.01-253] |
| "Catch-all" statute of limitations | "Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued [for actions which survive the death of the party]; and if it be for a matter not of such nature shall be brought within one year next after the right to bring the same shall have accrued…." [Title 45, Chap. 149, §11] | "Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued [for actions which survive the death of a party] and, it if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued." [Sec. 2927] | "Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued." [§ 8.01-248] |

 * https://catalog.hathitrust.org/Record/003173708
** https://catalog.hathitrust.org/Record/009789503

8