IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOHN S. BENNETT,

    Plaintiff,

v.     Civil Action No. 1:17-cv-00574

JAMES GARNER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment.

Plaintiff John Bennett is the holder of a $262,500 outstanding judgment against Defendant Virtus Consulting, LLC ("Virtus") arising from an arbitration award for breach of a contract (the "Bennett Agreement") entered between him, Virtus, and Defendant Jim Garner, the sole member of Virtus. Under this agreement, Bennett, a former employee of Virtus, had agreed to assist in the sale of virtually all of Virtus's assets to the Solomon Edwards Group ("SEG") in return for a share of the profits from the sale (the "SEG Asset Purchase"). Bennett performed under the Bennett Agreement, but only received partial

payment, leading to arbitration in which Bennett sought judgment against both Virtus and Garner. The arbitration resulted in a $387,500 award for Bennett against Virtus, of which Garner was jointly and severally liable for $125,000. Garner subsequently paid $125,000 to Bennett, but no collection was ever made against Virtus, leaving $262,500 owed.

Bennett alleges that during post-judgment discovery, he learned that Garner had fraudulently structured the SEG Asset Purchase in such a way as to divert all consideration to him and leave Virtus without any assets with which to satisfy its obligations to Bennett. Bennett asserts four claims against Garner: breach of contract, on the theory that Garner used Virtus as his alter ego and instrumentality to avoid liability to Bennett; fraud in the inducement; fraudulent transfer under Virginia Code § 55-80; and void voluntary transfer under Virginia Code § 55-81.

Bennett filed a Motion for Partial Summary Judgment on February 6, 2018, arguing that Counts III and IV should be decided in his favor as a matter of law. Defendants also filed a Motion for Summary Judgment on February 6, 2018. Both motions were argued on February 23, 2018. This Court is of the opinion that Defendants are entitled to Summary Judgment on all counts.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that

there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The Court finds there is no genuine dispute of material fact and this case is ripe for summary judgment.

Rule 1:6 of the Rules of the Supreme Court of Virginia provides the standard for *res judicata* under Virginia law. The rule bars any claim for relief arising from the "same conduct, transaction or occurrence" as a prior claim that was decided on the merits by a final judgment. Under this rule, a Defendant must show that: (1) there was a prior claim for relief decided on the merits by valid and final judgment; (2) the parties in each suit are identical or in privity with each other; and (3) the claim made in the later suit arises from the same conduct, transaction, or occurrence as the claim in the first suit. See Lee v. Spoden, 290 Va. 235, 245 (2015). Rule 1:6 bars not only claims that were in fact brought in the earlier suit, but also

those claims that could have been litigated. Va. S. Ct. R. 1:6(a); see also Martin-Bangura v. Virginia Dept. of Mental Health, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009). Furthermore, under Virginia law, *res judicata* applies to claims decided in arbitration. See Waterfront Marine Constr. V. N. End 4934s Sandbridge Bulkhead Grps, 251 Va. 417, 430 (1996).

Defendants argue that the entire dispute underlying this case is based on Bennett's desire to be paid under the Bennett Agreement, and therefore all of the claims arise from the facts and circumstances surrounding that contract. They argue that because the Bennett Agreement was intrinsically related to the SEG Asset Purchase, the circumstances and structure of the SEG Asset Purchase are also part of the same conduct, transaction, and occurrence giving rise to the original breach of contract claim. The fact that Bennett did not in raise the current claims against Bennett in the original arbitration does not save them from being barred by *res judicata*, since Bennett could have brought the same claims during arbitration.

The Court holds that Bennett's claims are barred by *res judicata*. The conduct, transaction, and occurrence underlying all of Bennett's claims relates to the Bennett Agreement, the structure and execution of the SEG Asset Purchase Agreement, and the facts and circumstances surrounding the execution and performance (or nonperformance) of those agreements. This is the

same conduct, transaction, and occurrence underlying the original arbitration. Bennett could have brought any of the claims he now brings against Garner in the arbitration.

Defendants further argue that Bennett's claim for fraud in the inducement is barred by the applicable statute of limitations. Under Virginia law, a two-year statute of limitations applies to "every action for damages resulting from fraud." Va. Code § 8.01-243(A). Since fraud in the inducement is a species of fraud, this two-year statute of limitations applies to Plaintiff's claim.

Plaintiff filed this suit on May 19, 2017. The Bennett Agreement was signed on September 22, 2012. The first missed payment under the Bennett Agreement was due on March 31, 2013, and Bennett demanded arbitration on or about April 9, 2013. During the ensuing arbitration, copies of the documents outlining the structure of the SEG Asset Purchase were provided to Bennett, on or about October 24, 2013. Thus, Bennett was aware of the circumstances surrounding the SEG Asset Purchase at the time of the arbitration. Since his present claim for fraud in the inducement is based on the structuring of and the circumstances surrounding the SEG Asset Purchase, Bennett was on notice of his potential fraud claim at least as early as October 2013. Accordingly, the fraud in the inducement claim was brought a year and a half too late, and is thus barred.

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of the Defendants. An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 16, 2018